UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 FEB -2  P 4: 01

| | | |
|---|---|---|
| JOHN LATINO | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| vs. | : | 3:05 CV 205 (JBA) |
| JOHN R. SADDLEMIRE, sued in his official capacity as Vice President of student affairs at University of Connecticut, | : | |
| Defendant | : | FEBRUARY 2, 2005 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil action brought pursuant to the Civil Rights Act of 1866 for injunctive and declaratory relief against a state university official. In particular, the plaintiff seeks injunctive relief against said university official for the improper conduct of a student disciplinary hearing that violated constitutional due process of law.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to Title 42, United States Code §§1983 and 1988, and the fourteenth amendments to the United States Constitution. Plaintiff also seeks relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The claims raised in this Complaint seek to redress defendants' deprivation and violation, under color of state law, of the rights, privileges and immunities secured for plaintiff under the fourteenth amendment to the United States Constitution.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391.

4. Jurisdiction is founded upon Title 28, United States Code §§1331 and 1342, Title 42, United States Code §1984 and the aforementioned statutory and constitutional provisions.

### III. PARTIES

5. The plaintiff, JOHN LATINO, (hereinafter "Plaintiff LATINO") has been at all times

relevant to this complaint, a citizen of the United States and a resident of the City of Franklin, Massachusetts. At the time of the incidents complained of, the plaintiff was a full-time matriculated student in good standing at the University of Connecticut, a state-owned and operated institution of higher education, with its main campus located in the town of Mansfield, Connecticut. In this capacity, the plaintiff had a property and liberty interest in his status as a full-time matriculated student.

6. The defendant, JOHN R. SADDLEMIRE (hereinafter "Defendant SADDLEMIRE"), is and was at all relevant times mentioned in this complaint, the vice president for student affairs, for the University of Connecticut. Defendant SADDLEMIRE, as the representative of the University of Connecticut charged with enforcing the student disciplinary code for the university, is sued in his official capacity.

7. At all times relevant hereto, and in all of his actions described herein, Defendant SADDLEMIRE, was acting under color of state law, regulation and custom, and pursuant to his recognized authority as an official of the University of Connecticut.

## IV.  FACTUAL ALLEGATIONS

8. On or about April 6, 2004, Plaintiff LATINO was at a friend's residence located at 2A Marie Peters - Celeron Square Apartments in Mansfield, Connecticut, located on the campus of the University of Connecticut.

9. At approximately 1:45 a.m., Plaintiff LATINO exited the apartment to check on his car when he heard one or more University of Connecticut campus security officers yelling expletives, and telling him to "get out of here."

10. When Plaintiff LATINO turned to leave the area, one of the officers grabbed his shoulder from behind, spun him around, and forced him to the ground, face down on the cement sidewalk, with his arms pinned under his body.

11. As Plaintiff LATINO lay face down, unable to move, two of the campus security officers jumped on his back, while another officer discharged pepper spray in his face and eyes. The officers also beat and pounded the plaintiff's head into the cement pavement

12. As a direct and proximate cause of the aforedescribed actions, the plaintiff suffered physical and emotional injury.

13. As a further consequence of the University security officers' actions, said officers and other agents of Defendant Saddlemire caused a complaint of misconduct to be filed with the Dean of Students in order to commence disciplinary action against the plaintiff, with the purpose of removing him from campus.

14. Following a proceeding that occurred on April 29, 2004, the plaintiff was notified in a document dated April 30, 2004 that he was suspended from the University of Connecticut from April 30, 2004 until May 31, 2006. The plaintiff was required to forfeit all credits and tuition for the spring semester and forbidden from entering any campus facility without permission.

## VI.  PLAINTIFF'S CAUSE OF ACTION (violation of the due process clause of the Fourteenth Amendment to the United States Constitution)

15. The allegations contained in paragraphs 1 through 14 are hereby incorporated by reference as if set forth herein.

16. In an effort to establish a procedure consistent with the constitutional due process of rights of students, including the plaintiff, the University of Connecticut's Board of Trustees on or about November 10, 1998, established and approved "The Student Code" with procedures to be followed in the event of allegations of misconduct. The relevant version of said Student Code that existed in 2004 was distributed to the plaintiff by Defendant SADDLEMIRE in approximately August of 2003.

17. Part III of the Student Code provides, *inter alia*, that a student charged with

3

misconduct shall have a right to:

    a.    Be notified of all charges by means of the address provided by the student via the Registrar's Office;

    b.    Be informed about the hearing process;

    c.    A reasonable period of time to prepare for a hearing;

    d.    Be accompanied by a support person during the hearing;

    e.    Request a delay of a hearing due to extenuating circumstances;

    f.    Submit a written statement regarding the incident;

    g.    Present information and witnesses when deemed appropriate and relevant;

    h.    Present a personal or community impact statement to the hearing body upon a finding of "Responsibility";

    i.    Request an alternate hearing body or a member thereof when there is reasonable cause to believe that the hearing body will be unable to conduct an impartial hearing;

    j.    Be presumed "Not Responsible" unless the facts presented at the hearing prove otherwise; and

    k.    Be present for the presentation of sanctions.

18.    On or about April 22, 2004, Donta Johnson, a "judicial specialist" in the Division of Student Affairs, met with Plaintiff LATINO, and asked Plaintiff LATINO to describe the circumstances of the incident that occurred on April 6, 2004. Donta Johnson suggested to the plaintiff that he was attempting to assist the plaintiff in case the University of Connecticut decided to institute charges against him.

19. Plaintiff LATINO was not notified that this meeting was a charging "conference" as provided by Part IV.D of the Student Code, nor did Donta Johnson inform the plaintiff that he was an administrative hearing officer designated by the Associate Dean of Students for Judicial Affairs to determine what charges would be instituted against him. To the contrary, Donta Johnson falsely suggested to the plaintiff that the purpose of the conference was to assist the plaintiff in defending himself against the institution of disciplinary proceedings.

20. Plaintiff LATINO was not given any opportunity to learn what charges were being levied against him before this conference, in violation of Part IV.A of the Student Code, nor was he informed of the true purpose of the conference.

21. Subsequent to the conference held on or about April 22, 2004, Donta Johnson informed the plaintiff that he was the official designated to "prosecute" the charges against him. On or about April 23, 2004, Donta Johnson, acting on behalf of Defendant Saddlemire and the Division of Student Affairs, filed formal charges against the plaintiff, notifying him for the first time of the charges being brought against him.

22. On April 29, 2004, the plaintiff was summoned to attend a hearing on allegations that he violated the Student Code. At this hearing, the charges were prosecuted by Donta Johnson, and the "hearing body" consisted of Karen L. Bresciano, assistant dean of students within the Division of Student Affairs, and a subordinate of Defendant Saddlemire.

23. Although Plaintiff LATINO protested the appointment of Bresciano, and indicated that he was informed that the hearing body would consist of a University Hearing Board of students, faculty and admistrators, he was not given the opportunity to request an alternate hearing body, although it was clear that Assistant Dean of Students Bresciano, as a colleague of all the

university's police witnesses and the prosecuting official, was unable to conduct an impartial hearing.

24. The "hearing body" consisting solely of Assistant Dean Bresciano, and failed to specify that it made its findings against the plaintiff by clear and convincing evidence, as required by Part IV D.k. of the Student Code.

25. The "hearing body" failed to announce to the plaintiff in his presence that it was finding him "responsible" on any of the charges proffered against him, and did not review his academic transcript and judicial records, or give him the opportunity to present character witnesses. These actions violated Part III.19 and 20, as well as Part IV.D.1 of the Student Code.

26. On or about May 4, 2004, the plaintiff appealed the decision of Assistant Dean Bresciano to Defendant SADDLEMIRE, who denied said appeal on or about May 11, 2004. This decision exhausted the plaintiff's administrative remedies.

27. The actions of university employees Bresciano and Johnson, acting under the auspices and direction of Defendant SADDLEMIRE, deprived Plaintiff LATINO of his right to due process of law under the Fourteenth Amendment to the United States Constitution, and Title 42 United States Code, §§ 1983 and 1988.

28. Part IV.C. of the Student Code, which arbitrarily vests in the "prosecuting" official the sole decision-making authority whether to provide an accused student with an impartial University Hearing Board, consisting of students, faculty and staff; or a single "administrative hearing officer" consisting of the Assistant Dean of Students, violates the concept of fundamental fairness and constitutes a violation of Part III, Paragraphs 3 and 14, of the Student Code, as well as due process of law under the Fourteenth Amendment to the United States Constitution, and

Title 42, United States Code, §§ 1983 and 1988.

29. The plaintiff seeks a declaratory ruling that the procedures employed in the Student Code, either as applied or on their face, are unconstitutionally vague and deprived the plaintiff of due process of law. The plaintiff also seeks a permanent injunction to prohibit the defendant from forcing the disciplinary suspension imposed upon him.

## IX.   CLAIMS FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Award attorney's fees pursuant to 42 U.S.C. §1988.

2. Award costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

3. Enter a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the defendant or his agents, employees and assigns from enforcing any disciplinary action imposed on the plaintiff as a result of any proceedings that occurred between April 22, 2004 and May 11, 2004, as provisions of the University of Connecticut Student Code, Parts III and IV, were improperly applied against the plaintiff, and/or violated the plaintiff's right to due process of law;

4. Issue a declaratory ruling, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 2201, that the provisions of the University of Connecticut Student Code, Parts III and IV, are unconstitutional under the fourteenth amendment to the United States Constitution, either on their face or as applied to the plaintiff.

5. Grant such other relief as law and equity may provide.

Dated at Hartford, Connecticut this 2nd day of February, 2005.

THE PLAINTIFF – JOHN LATINO

By: _____
Jon L. Schoenhorn
Jon L. Schoenhorn & Associates
His Attorneys
97 Oak Street
Hartford, CT 06016
Tel. No. (860) 278-3500
Fed. Bar No. ct00119

F:\SHARED\CLIENTS\LATINO\complaint draft.wpd